UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24920-MORENO/LOUIS

SHEMEKKA PATRICE ADAMS,

    Plaintiff,

vs.

ANDREW SAUL, Acting Commissioner
of Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PETITION FOR ATTORNEY'S FEES

This cause came before the Court on the Plaintiff Shamekka Patrice Adams' Petition for Attorney's Fees (ECF No. 34). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Federico A. Moreno, United States District Judge, for a Report and Recommendation (ECF No. 2). Defendant Andrew Saul, Acting Commissioner of Social Security Administration filed a Response in Opposition (ECF No. 35) and Plaintiff filed a Reply (ECF No. 36). Upon consideration of the Parties' arguments and the record, I recommend that Plaintiff's Petition for Attorney's Fees be **GRANTED, in part**.

    **A. Background**

This case involves a redetermination of Plaintiff Shamekka Patrice Adams's application for social security income ("SSI") under the Social Security Act, 42 U.S.C. § 401, *et seq*. Plaintiff was deemed disabled on March 20, 2004. and on November 17, 2014, the Social Security Administration ("SSA") determined that Plaintiff was no longer disabled as the medical evidence revealed that her health had improved since 2004 (R. 76). Plaintiff requested administrative review

1

of the SSA's redetermination. The ALJ held a video hearing on June 20, 2017, at which Plaintiff appeared unrepresented by counsel (R. 28).[1] The ALJ issued his unfavorable decision and Plaintiff appealed the decision to the Appeals Counsel. The Appeals Council denied Plaintiff's request (*id.*), consequently rendering the ALJ's decision final. 42 U.S.C. § 405(g).

Plaintiff appealed the ALJ's decision to this Court, arguing, among other arguments raised in her motion for summary judgment, that the ALJ's decision should be reversed because the ALJ failed to obtain Plaintiff's waiver of her right to counsel at the hearing (ECF No. 28). Upon review of the hearing transcript, the undersigned recommended a finding that the ALJ committed error by not obtaining a clear and unambiguous waiver of representation at the video hearing and that the error was prejudicial to Plaintiff because it affected the ALJ's ability to develop a full and fair record (ECF No. 31 at 8-9). Because the error to obtain an intelligent waiver was dispositive, the Court did not address Plaintiff's remaining claims (ECF No. 31). I entered a Report and Recommendations recommending that Plaintiff's Motion for Summary Judgment be granted, the Defendant's Motion for Summary Judgment be denied, and that the ALJ's decision be reversed and remanded for further development (*id.*). The Honorable Federico A. Moreno, United States District Judge, adopted the Report and remanded the decision (ECF No. 32).

On March 13, 2020, Plaintiff timely filed the instant petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), along with an itemization of the hours expended on this appeal of the ALJ's decision, and declarations of counsel for Plaintiff (ECF No. 34). The Commissioner filed a response in opposition, arguing that the Petition should

---

[1] A claimant has a statutory right to counsel at a social security hearing before an ALJ. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Cowart v. Schweiker*, 662 F.2d 731, 733 (11th Cir. 1981). A claimant may waive her right to counsel at the hearing by making a knowing and intelligent waiver of that right. *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. 2010). Because the deprivation of counsel at a social security hearing is a statutory wrong, not a constitutional wrong, there must be a clear showing of prejudice before a court may finds that the claimant's due process right was violated and remands the case for further development of the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).

be denied because Plaintiff failed to confer in good faith as required by Local Rule 7.1(a)(3) (ECF No. 35 at 1). Alternatively, the Commissioner argues that petition seeks compensation for hours that were not reasonably expended and contends that a 10-hour reduction is warranted (*id*.).

In reply, counsel for Plaintiff contends that she was not required to confer as required by Local Rule 7.1(a)(3) because the rule governing motions for attorney's fees, Local Rule 7.3(b), exempts parties from pre-filing conferral requirements when seeking attorney's fees under the EAJA; and disputes that a 10-hour reduction is warranted (ECF No. 36).

### B. Discussion

#### 1. Conferral

The Commissioner first argues that Plaintiff did not provide him with the opportunity to confer regarding Plaintiff's request for fees (ECF No. 35 at 1). On March 13, 2020, the date the petition was due pursuant to the EAJA, counsel for Plaintiff emailed defense counsel to inquire whether the Commissioner opposed Plaintiff's request for fees (ECF No. 35-1). Plaintiff's counsel attached the subject petition to the email. Within minutes of sending the email, and without receiving a response from defense counsel, counsel for Plaintiff filed the petition. The Commissioner argues that the petition should be denied for failure to confer in good faith under Local Rule 7.1(a)(3), which governs the general filing of motions and requires pre-filing conferences of counsel.

In response, Plaintiff argues that the Commissioner's argument is misguided as it is based on the incorrect local rule. Rather, Plaintiff avers, the filing of motions for attorney's fees is governed by Local Rule 7.3, which has its own good faith resolution requirements and provides an exemption to those requirements "[i]f a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this

paragraph's requirements." S.D. L.R. 7.3(b). Plaintiff argues that she is exempt from the prefiling conferral requirements of Local Rule 7.3(b) because the EAJA requires that a motion for attorney's fees be filed within 30 days of final judgment, 28 U.S.C. § 2412(d)(1)(B).

The oddity of Plaintiff's position is both that Rule 7.3 applies and that it does not apply. Whether her fee petition was exempt from the more stringent conferral efforts required by the Rule, every motion filed in this District requires good faith conferral before filing.[2] Plaintiff's conferral efforts here were inadequate and the petition could be denied on that ground. However, the Commissioner does not challenge Plaintiff's compliance with Local Rule 7.3(b) and has now articulated the specific objections it would have presumably raised in conferral. In the interest of efficiently resolving the dispute without additional briefing or judicial waste, I recommend the Court consider the petition on its merits.

**2. Attorney's Fees**

Plaintiff seeks attorney's fees in the amount of $7,683.01, under the EAJA, which permits a court to award a prevailing plaintiff attorney's fees unless the Commissioner of Social Security can show that his position "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Section 2412(d)(2)(A) provides that attorney's fees shall be based upon prevailing markets, not to exceed a rate of $125 per hour, unless the court determines that an increase in the cost of living or special factor justifies a higher fee. There are three prerequisites to an award of attorney's fees under the EAJA (1) the claimant must qualify as the prevailing party; (2) the application for fees must be filed within thirty days of final judgment of the action; and (3) the district court must make a finding that the Government's position was not substantially justified and no special circumstances would make an award of fees unjust. *See Taylor v. Heckler*, 778 F.2d 674, 676 (11th Cir. 1958).

---

[2] With limited enumerated exceptions, not relevant here.

It is undisputed that Plaintiff is the prevailing party in this case and that Plaintiff's application for fees is timely. The Commissioner does not argue that he was substantially justified in defending the ALJ's decision or that there were any special circumstances that would make fees unjust, nor does the Commissioner challenge the hourly rates requested by Plaintiff's attorneys. The Commissioner's sole remaining challenge is to the reasonableness of the hours requested, arguing that the hours sought are excessive. *See Ortega v. Colvin*, No. 16-cv-24697-JJO, ECF No. 32 (S. D. Fla. Dec. 5, 2017) (finding plaintiff was entitled to attorney's fees where the Commissioner did not dispute that the plaintiff was the prevailing party, did not argue that she was substantially justified in defending the ALJ's decision, and did not argue special circumstances making an award of fees unjust).

a. **Reasonableness of Plaintiff's Hourly Rate**

Having found that Plaintiff is entitled to an EAJA attorney's fee award, the Court must assess whether the requested amount is reasonable.

Attorney's fees requested pursuant to the EAJA must be reasonable and based upon prevailing market rates; and shall not exceed a rate of $125 per hour unless the court determines that an increase in the cost of living after March 1996[3] or a special factor, such as the limited availability of attorneys for the proceedings justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A); *see also Holsey v. Comm'r of Soc. Sec. Admin.*, No. 3:14-CV-938-J-PDB, 2015 WL 8479301, at *2 (M.D. Fla. Dec. 10, 2015). In awarding fees under the EAJA, the court is afforded great discretion. *See Jean*, 496 U.S. 154, 161 (1990) (recognizing that the reasonableness of attorney's fees requested under the EAJA is within the district judge's discretion). To reach the appropriate

---

[3] The March 1996 date is used because that is when the EAJA's statutory cap was increased from $75 to $125. *See Goodman v. Comm'r of Soc. Admin.*, No. 3:17-CV-1127-J-PDB, 2019 WL 1763205, at *2 (M.D. Fla. Apr. 22, 2019).

upward adjustments, courts in this Circuit employ the Bureau of Labor Statistics Consumer Price Index for All Urban Consumers as the appropriate index for determining EAJA costs of living adjustments.[4] *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 890 (11th Cir. 2007).

Plaintiff's Petition seeks an award of attorney's fees in the amount of $7,683.01 for 37.5 hours of work. Plaintiff requests approval of an hourly rates of $201.60 for 2018 and $205.25 for 2019 and 2020 (ECF No. 34 at 14). The petition is supported by the declarations of Deirdre J. Dibiaggio and Katherine O. Palacios, and their respective billing diaries. Ms. Dibiaggio attests that she has been a member of the Florida Bar for 20 years and has litigated social security cases since she obtained her license to practice (ECF No. 34 at 5). Ms. Palacios has been practicing law for 20 years and has litigated over 10,000 social security cases since 1990 (ECF No. 34 at 8). The Court is familiar with both attorneys from previous social security cases. Notably, the Commissioner does not oppose the reasonableness of Plaintiff's counsel's hourly rates.

Although the EAJA limits attorney's fees to $125 per hour, courts may raise this ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Given that Defendant does not oppose this upward adjustment, and having reviewed counsel's cost of living calculations, the undersigned finds that Plaintiff's request for an upward adjustment to counsel's hourly rates for the years 2018-2020 are reasonable. *See* U.S. Bureau of Labor Statistics CPI Inflation Calculator at https://www.bls.gov/data/inflation_calculator.html (last visited September 17, 2020) (reflecting a rate of $200.15 as the increased inflation rate in November 2018 (the date the complaint was filed), rate of $204.56 in September 2019 (the date the motion for summary

---

[4] The Change in the Cost-of-Living (CCL) is calculated by taking the Annual CPI rate for the year in which the legal services were rendered and subtracting from it the March 1996 rate (which is 155.7) and dividing the difference by the March 1996 rate. *See Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018). The CCL is then multiplied and added to the statutory rate of $125.00 to find the adjusted hourly rate. *Id*. The data used for calculation are available at http://data.bls.gov/cgi-bin/surveymost?bls.

judgment was filed), and $206.05 in February 2020 (the date the case was remanded to the ALJ)). *See Washington v. Astrue*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (accepting upward adjustment of statutory billing rate where government did not object). Accordingly, the undersigned recommends that counsel be compensated at the requested rates of $201.60 for 2018 and $205.25 for 2019 and 2020.

### b. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quotations and citations omitted). Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The fee applicant bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

When determining whether the number of hours expended by counsel is reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the

requested hours with an across-the-board cut, but not both. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The Commissioner argues that the Court should make an across the board reduction of ten hours to cure excessive billing to review court filings, work expended on Plaintiff's reply brief, and to account for Plaintiff's unsuccessful arguments. Plaintiff opposes such reduction defending all hours incurred in the prosecution of this case and arguing that the Court did not find her arguments without merit, rather, the Court based its ruling on one of Plaintiff's claims and did not address the others.

After review of the attorneys' billing diaries, I find the time incurred was generally reasonable, with the following exceptions, for which I recommend a reduction. Attorney DiBiaggio billed 2.3 hours for preparing and filing a 3-page Complaint, application to proceed in *forma pauperis* ("IFP") and summons. This time entry is reduced because it groups four different tasks into one entry failing to provide specificity as to the time expended on each task. Moreover, the Court is familiar with the boilerplate nature of Complaints and IFP applications filed by counsel in social security appeals and thus, recommends a reduction of 1 hour for this entry.

Counsel for Plaintiff billed 7.9 hours in 2019 for preparing the Reply to the Commissioner's Response in Opposition to Plaintiff's Motion for Summary Judgment. The Commissioner argues that the Court should reduce that time by 2.9 hours because the Reply primarily reiterates arguments made in Plaintiff's Motion for Summary Judgment (ECF No. 35 at 4). Such reduction is warranted under the circumstances. Indeed, while Plaintiff's Reply Brief

addresses some of the Commissioner's arguments[5], Plaintiff spends a significant portion of her Reply Brief citing to her Motion for Summary Judgment and rearguing claims raised therein. Accordingly, 2.9 hours will be reduced from that time entry.

No reduction is warranted for unsuccessful claims raised in Plaintiff's Motion for Summary Judgment. The Court did not find them to be without merit and they arose out of a procedurally improper administrative hearing, whether the ALJ did not obtain clear consent from Plaintiff to proceed without counsel. Additionally, I do not find counsel's billing entries to review court filings excessive or duplicative.

The table below represents a calculation of counsels' fees for 2018, 2019, and 2020, with a recommended 4-hour reduction in 2019.

| Year | Time | Rate | Amount |
| --- | --- | --- | --- |
| 2018 | 2.8 hours | $201.60 | $564.48 |
| 2019 | 28 hours | $205.25 | $5,747.00 |
| 2020 | 2.8 hours | $205.25 | $574.70 |

Accordingly, the undersigned respectfully recommends that Plaintiffs' Petition for Attorney's Fees be **GRANTED, in part** and that Plaintiff be awarded a total of **$6,885.48** in attorney's fees to be paid from Social Security Administration appropriations, subject to review as to whether Plaintiff owes a debt to the United States. *See Goodwin v. Astrue*, No. 09-81466-CIV, 2010 WL 3942009, at *2 (S.D. Fla. Aug. 16, 2010), *report and recommendation adopted*, No. 09-81466-CIV, 2010 WL 3942007 (S.D. Fla. Oct. 7, 2010); *Porter v. Saul*, No. 18-CV-60210, 2020

---

[5] For example, the Reply challenges the Commissioner's citation to a purportedly incomplete version of the hearing transcript that did not capture the entire exchange between the ALJ and Plaintiff regarding her waiver of counsel and addresses the Commissioner's arguments that Plaintiff did not cite support for her argument that the ALJ erred in determining her RFC (EC No. 30 at 3-4, 9).

WL 5126447, at *7 (S.D. Fla. July 28, 2020), *report and recommendation adopted*, No. 18-CV-60210, 2020 WL 5114518 (S.D. Fla. Aug. 31, 2020).

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite any objections to this Report and Recommendation. Any written objections must be filed by **September 29, 2020** with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections by that date shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1.

**RESPECTFULLY SUBMITTED** in Chambers this 18th day of September 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
The Honorable Federico A. Moreno
Counsel of Record